FILED

2014 May-12  PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ROGER W. WATTS, JR., as Trustee** | ) | |
| **for Bethlehem Management,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:14-CV-0175-VEH** |
| | ) | |
| **JAMES E. TURNBACH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

Plaintiff Roger W. Watts, Jr. ("Mr. Watts") is representing himself in this action. (Doc. 1). This matter is before the court on the objections (Doc. 16) of Mr. Watts to Magistrate Judge John H. England, III's report and recommendation (the "R&R") (Doc. 15),[1] which proposes that Defendants' Motion To Dismiss (Doc. 7) (the "Dismissal Motion") be granted and that Mr. Watts's lawsuit be dismissed without prejudice for lack of subject matter jurisdiction. (Doc. 15 at 7).

Defendants' Dismissal Motion and supporting brief were all filed on February

---

[1]  The parties have not consented to the jurisdiction of the magistrate judge. Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

17, 2014. (Docs. 7, 8). Mr. Watts filed a response and affidavit in opposition to the Dismissal Motion on March 3, 2014. (Docs. 12, 13).

The R&R was entered on April 11, 2014. (Doc. 15). Mr. Watts's objections were filed on April 22, 2014. (Doc. 16). This case was randomly reassigned to the undersigned judge on May 1, 2014. (Doc. 17). The matter, therefore, is now under submission, and for the reasons explained below, the court **OVERRULES** Mr. Watts's objections, and **ACCEPTS** the Magistrate Judge England's R&R as minimally modified below.

Additionally, the court **DENIES** Defendants' Motion for Rule 11 Sanctions (Doc. 10) (the "Sanctions Motion") filed on February 28, 2014, and **TERMS** as **MOOT** Mr. Watts's Objection Motion To Quash and Dismiss Unrecognized Respondent(s) Motion for Rule 11 Sanctions (Doc. 14) (the "Objection"), filed on March 12, 2014, for the reasons discussed below.

## II.    Standards

### A.    Subject Matter Jurisdiction Dismissal Standard

As the Eleventh Circuit has explained the standard on motions to dismiss for lack of subject matter jurisdiction:

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently

<u>alleged a basis of subject matter jurisdiction</u>, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

These two forms of attack differ substantially. <u>On a facial attack</u>, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-<u>the court must consider the allegations of the complaint to be true</u>. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). But when the attack is factual,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Here, the jurisdictional attack by Defendants is facial.

**B.     District Court Review of Report and Recommendation**

After conducting a "careful and complete" review of the findings and

recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).[2] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781,

---

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

gationCase 4:14-cv-00175-VEH   Document 18   Filed 05/12/14   Page 5 of 13

784 (11th Cir. 2006).[3]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (internal quotation marks omitted) (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *United States v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the

---

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

5

district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (internal quotation marks omitted) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

## III.   Analysis

### A.   Motions Addressed by the R&R

The R&R correctly recognizes that federal courts are judicial bodies of limited power and are precluded from acting "beyond [their] constitutional or statutory grant

of subject-matter jurisdiction." (Doc. 15 at 5 (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)). The R&R recommends that a jurisdictional dismissal of Mr. Watts's action is appropriate because neither diversity jurisdiction, as bestowed by 28 U.S.C. § 1332, nor federal question jurisdiction, as delineated by 28 U.S.C. § 1331 is present. (Doc. 15 at 5-7).

The court has studied Mr. Watts's objections (Doc. 16) and nothing contained in them specifically contests or otherwise brings into question the thorough jurisdictional analysis conducted by Magistrate Judge England. Further, the court agrees with the contents of the R&R and concludes that Mr. Watts's dispute is due to be dismissed without prejudice for lack of subject matter jurisdiction. Relatedly, the court further determines that Mr. Watts's separately filed Motion for Entry of Default by the Clerk of Court (Doc. 4) (the "Default Motion"), which is discussed in the R&R but never expressly addressed in the form of a recommended ruling is, in the absence of any authority for this court to exercise jurisdiction, due to be termed as moot.

**B.    Defendants' Sanctions Motion and Mr. Watts's Objection**

Defendants' Sanctions Motion seeks reasonable costs and attorneys' fees and injunctive relief preventing Mr. Watts "from making any further filing in this Court, or in any other federal or state court related to the Defendants without prior

permission from the Court." (Doc. 10). Defendants' brief in support asserts Mr. Watts's claim is a frivolous one regarding a fictitious judgment based on Sovereign Citizen principles and therefore supports sanctions under Rule 11. In response, Mr. Watts filed a document titled "Objection Motion to Quash and Dismiss Unrecognized Respondent(s) Motion for Rule 11 Sanctions," (Doc. 14), which continues the similar statements to previous filings and does not specifically address any of the Defendants' arguments.

Under Rule 11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*(c)(4).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts

or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Although *pro se* plaintiffs are not protected from sanctions under Rule 11, *see Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988), the Eleventh Circuit has been somewhat reluctant to impose them except in certain situations where, for example, the litigant was an attorney or had already been advised of the meritlessness of his claims by the court or prior adverse litigation. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008).

The Eleventh Circuit has also held "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).[4] The discretion to do so is broad, "[t]he only restrictions this Circuit has placed upon injunctions designed to protect against

---

[4]   A finding of absence of jurisdiction does not deprive the district court of the power to impose such sanctions. *See Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) ("The fact that [Mr. Watts]'s complaint in this case may have failed to state a justiciable federal claim is of no impact on the court's power to enter injunctive relief against such a recalcitrant litigant. The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. Were a frivolous lawsuit a bar to the court's inherent jurisdiction, the court would be powerless to act upon even a flood of frivolous lawsuits which threatened to bring judicial business to a standstill.").

abusive and vexatious litigation [being] that a litigant cannot be completely foreclosed from any access to the court." *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

Unlike with a traditional injunction, requiring the movant to show four elements, courts dealing with injunctions prohibiting further vexatious litigation have adopted standards more suitable to the situations in which these injunctions arise. "In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a *Martin–Trigona* injunction to stop continued vexatious litigation . . . , it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004) (citing *Martin–Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). To support a request for a *Martin-Trigona* injunction, "the movant must show: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Id.* (citing *Ray v. Lowder*, No. 5:02–CV–316–OC–10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003)).

It certainly seems Mr. Watts may be on the first steps of a trail of frivolous and vexatious litigation directed at Defendants. He has filed the present suit without stating a claim of any sort, much less an arguably viable one. (*See* Doc. 1). According to Defendant's contentions, it is also in violation of an injunction imposed by the Circuit Court of Etowah County, Alabama. (Doc. 15 at 2 n.4).[5] Defendants have also referred to a second filing in the Superior Court of Lamar County, Georgia.[6] (Doc. 11 at 2). However, this history of lawsuits is not nearly as extensive as others found to warrant this extreme sanction. *See Shell v. U.S. Dep't Of Hous. And Urban Dev.*, 355 F. App'x 300, 308 (11th Cir. 2009) (listing seven cases in five years and 34 motions, including 12 motion for reconsideration and three interlocutory appeals); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (relying on facts in *Procup v. Strickland*, 567 F. Supp. 146, 148 (M.D. Fla. 1983), listing, among others, 176 cases filed in a single federal district); *In re Martin-Trigona*, 737 F.2d 1254, 1259 (2d Cir. 1984) ("Martin-Trigona is known to have filed over 250 civil actions, appeals, and

---

[5] If Mr. Watts has violated that injunction, Defendants may seek to have that court enforce its order, through contempt proceedings or otherwise.

[6] A few days after filing this suit, Mr. Watts also attempted to domesticate what purports to be a $1,005,000,000 foreign judgment against Defendants in the Northern District of Georgia. *See Bethlem Management v. Turnbach, Warren, Roberts & Lloyd, P.C.*, No. 1:14-mi-00010-UNA (N.D. Ga. 2014).

other matters throughout the United States . . . .”). *But see Ray*, 2003 WL 22384806, at \*2-3 (imposing a *Martin-Trigona* injunction not for multiple lawsuits but for “a history—at least with regard to [this one IRS Notice of Levy]—of filing harassing and duplicative papers”).

Mr. Watts is not an attorney, and, because it appears Mr. Watts had never previously filed suit in federal court, he may have believed his suit has legal merit in the federal forum. He also appears to believe his “claim” is valid, and there is no indication that he was informed otherwise prior to filing this action by either the court or a prior adverse litigation. It is also not clear at this time that he has a bad-faith motive. Although Mr. Watts has imposed some needless expense on Defendants and some burden on the court as well, his conduct has not yet reached a level to overcome the reluctance in this Circuit to imposing sanctions on a *pro se* litigant. While Mr. Watts’s claims are objectively frivolous, sanctions are not appropriate under these circumstances.

Although the court has determined that sanctions are not appropriate as the circumstances currently stand, Mr. Watts should be aware that, if he attempts to re-litigate this matter by filing yet another suit in federal court, he may subject himself to sanctions in the future. Such sanctions in this court could take the form of monetary sanctions or injunctive relief directing the clerk to not accept any future

case filings by Mr. Watts without first obtaining prior leave of court.

Accordingly, it is **ORDERED** that Defendants' Sanctions Motion is **DENIED**. Further, because the court has, at this time, declined to enter any sanctions against Mr. Watts for his filings, his Objection to Defendants' Sanction Motion is due to be **TERMED** as **MOOT**.

## IV.   Conclusion

For the reasons set out above, the court **OVERRULES** Mr. Watts's objections and **ACCEPTS** the R&R as modified slightly herein. Accordingly, Defendants' Dismissal Motion (Doc. 7) is due to be **GRANTED** on jurisdictional grounds. Additionally, Mr. Watts's Default Motion (Doc. 4) is due to be **TERMED** as **MOOT**.

Further, Defendants' Sanctions Motion (Doc. 10) is **DENIED** and Mr. Watts's related Objection (Doc. 14) is **TERMED** as **MOOT**. Finally, the court will enter a separate order of dismissal consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 12th day of May, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13